UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
JUL 29 2005

*******************************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 05-30049 |
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION AND ORDER |
| JEFFERY G. STONE, | * | |
| Defendant. | * | |

*******************************************************************************

I.

Defendant, Jeffery G. Stone, has filed a Motion to Provide Mental Health Records, Docket No. 17. Specifically, Defendant seeks an order requiring that the Government provide to defense counsel mental health records pertaining to the alleged victim, D.B.L. (a female child), or to order Sioux Valley Behavioral Health and Rapid City Regional West, two mental health facilities, to disclose such records to both he and the Government. He claims that he has the right, under the Due Process Clause of the Fifth Amendment and under the Confrontation Clause of the Sixth Amendment, to have the records produced, or at minimum, to have them reviewed in camera by the Court to determine whether they contain potentially exculpatory information. He points out that the alleged victim's mother previously signed a release authorizing the Government to obtain the child's mental health records at the Indian Health Service (IHS) facility in Rosebud, South Dakota and that because of this, the "cat is out of the bag" with respect to records on file at other facilities.

The Government resists Defendant's Motion, arguing that the records sought are privileged and not discoverable. The Government also asserts that it has engaged in open discovery in this case, forwarding to defense counsel all of the mental health records, relating to the alleged victim, that are in its possession, custody or control. In addition, the Government objects to the entry of an order that requires it to provide discovery beyond the scope of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), the Federal Rules of Criminal Procedure and the District Court's discovery order.

On July 25, 2005, the Court held a hearing on the Motion. In its Order fixing the hearing, the Court directed the Government to notify the alleged victim or her guardian of her right to notice of and an opportunity to be heard on the Motion in accordance with 18 U.S.C. §3509 and applicable federal law. At the hearing, the prosecutor indicated that he had not yet talked to the alleged victim or her mother specifically about the Motion and that he did not know whether she (or they) objected to the remainder of her records being disclosed.

## II.

In Jaffee v. Redmond, 518 U.S. 1 (1996), the Supreme Court held that confidential communications made by patients to their psychotherapists (which the Court interpreted to mean psychiatrists, psychologists and social workers), in the course of diagnosis or treatment, were protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. 518 U.S. at 15-17. The Court did not attempt to define the exact contours of this privilege, but it rejected the notion that the privilege was subject to a balancing test. Id. at 17. According to the Court, "[m]aking the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest and privacy and

2

the evidentiary need for disclosure would eviscerate the effectiveness of the privilege. Id. The Court speculated, however, that there might be times when the privilege must give way, citing as an example, a situation in which "a serious threat of harm to the patient or to others can be averted only by means of a disclosure by the therapist." Id. at 18, n. 19. This narrow exception, does not apply here and Defendant does not contend that it does.[1]

A.

Defendant cites Pennsylvania v. Ritchie, 480 U.S. 39 (1987) to support his contention that the federal psychotherapist-patient privilege must give way to a criminal defendant's due process and confrontation rights. In Ritchie, the defendant was charged with various sex offenses involving his minor daughter and sought to have certain records of a state protective service agency, responsible for investigating cases of suspected child abuse/neglect, disclosed during pretrial discovery. 480 U.S. at 43. Under Pennsylvania state law, the records were subject to a qualified confidentiality and allowed disclosure "to a 'court of competent jurisdiction pursuant to a court order.'" Id. at 44, 57-58. The Court observed that this was not a case where a state statute granted the agency with "the absolute authority to shield its files from all eyes." Id. at 58. Applying Brady and its progeny, the Court

---

[1]Some courts and commentators have suggested that the Supreme Court, in footnote 19, adopted the very same balancing test that the Court rejected in the text of its opinion. This Court does not believe this to be the case.

In the federal system, evidentiary privileges are established by case law. Rule 501 provides, in pertinent part, that "the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." In footnote 19, the Jaffee Court acknowledged that federal courts may make exceptions to the psychotherapist-patient privilege in the future. The Court, however, is very clear that once a communication falls within the purview of the privilege, it is not to be invaded by any kind of balancing test because to do so would defeat the purpose of the privilege.

determined that because state law allowed for the disclosure of confidential information, a criminal defendant had the right, under the Due Process Clause of the Fourteenth Amendment, to have the records concerning his daughter reviewed in camera. Id. at 57-61. The Court, however, expressly left open the question of "whether the result in this case would have been different if the statute had protected the [agency] files from disclosure to anyone, including law enforcement and judicial personnel." Id. at 58, n. 14 (emphasis in the original).

In the instant case, a generally-accepted testimonial privilege (i.e., one recognized under federal law and by all 50 states and the District of Columbia) is involved, not a state statute protecting a public agency's case files in a qualified way. Nor is there a statutory provision involved which authorizes the disclosure of mental health records which fall under a federal common law privilege. Ritchie and a similar earlier case, Davis v. Alaska, 415 U.S. 308 (1974), therefore, are inapposite and do not provide Defendant with the authority to invade the privilege and require documents protected by it be produced.

B.

It should be noted that the records sought here are ones on file with two private mental health agencies, neither of which is in any way affiliated with the Government. The Eighth Circuit has made it clear that there is no duty to disclose evidence that "is not in the possession of the prosecutor or [ ] which the prosecutor has no actual or constructive control." United States v. Flores-Mireles, 112 F.3d 337, 340 (8th Cir.), cert. denied, 522 U.S. 938 (1997); see also United States v. Brown, 360 F.3d 828, 833 (8th Cir. 2004).

C.

Defendant also seeks disclosure under the right conferred to him by the Confrontation Clause, to discover information necessary to make cross-examination more effective. Although a Confrontation Clause claim was discussed in Ritchie, the Supreme Court was unable to muster a majority on the application of that Clause to the pretrial discovery issue before it. A plurality of the Court did, however, conclude that the Clause was not applicable to a claim involving the denial of access to pretrial materials. 480 U.S. 51-54.

More importantly, Defendant's request that the records in question be reviewed in camera appears to contradict the Jaffee Court's rejection of a "balancing" approach to the psychotherapist-patient privilege. His request also appears to be foreclosed by the Eighth Circuit's recent decision in Newton v. Kemna, 354 F.3d 776, 785 (8th Cir.), cert. denied, 125 S.Ct. 485 (2004); see also United States v. Doyle, 1 F.Supp.2d 1187, 1190-91 (D. Or. 1998); State v. Roberson, 884 So.2d 976, 978-80 (Fla. Dist. Ct. App. 2004); Johnson v. State, 342 Ark. 186, 193-98, 27 S.W.3d 405, 410-13 (2000), cert. denied, 532 U.S. 944 (2001).

D.

In applying and keeping with the holdings of Jaffee and Newton, the Court concludes that because the alleged victim neither waived the psychotherapist-patient privilege nor consented to the release of her mental health records at Sioux Valley Behavioral Health and Rapid City Regional West, such records are not discoverable or subject to an in-camera examination. Defendant has cited no authority on point that expressly adopts his position and the same is directly at odds with Jaffee, Newton and Petersen v. United States, 352 F.Supp.2d

5

1016, 1018, 1023-24 (D.S.D. 2005).[2]  Inasmuch as the records, as well as the information contained in or gleaned from them (i.e., such as medications, visits, etc.) are privileged, Defendant's Motion for the production of such records, or for an in-camera review of them, should be denied.

III.

Accordingly, based on the foregoing, it is hereby

ORDERED that Defendant's Motion, found at Docket No. 17, shall be and the same is denied.

Dated this 29th day of July, 2005, at Pierre, South Dakota.

**BY THE COURT:**

_____
**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**

**ATTEST:**
**JOSEPH HAAS, CLERK**
**BY:** _____
             Deputy
**(SEAL)**

---

[2]In Peterson, the Eighth Circuit summarily affirmed the order and judgment of dismissal entered by the District Court, the Honorable Charles B. Kornmann, Presiding. See United States v. Petersen, CR. 03-3004 at Docket Nos. 43, 45.

6